### Hines, Mayor, et al. v. Jenkins et al.

(Decided November 22, 1929.)

(As Modified on Denial of Rehearing March 27, 1931.)

RODES & HARLIN for appellants.

STOUT & HERDMAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Appellants here, whom we shall refer to as the city, were defendants in the trial court. They were perpetually enjoined from interfering with Jenkins et al. in the maintenance of certain gasoline pumps, and they appeal.

Jenkins et al. have at 436-438 Tenth street, in Bowling Green, a place of business where they conduct a tire and battery business and sell accessories for automobiles. They desired to install on the sidewalk at the curb thereof two gasoline pumps to be connected with a tank or tanks buried beneath it. They sought permission from the city, but did not obtain it.

Thereupon they began this installation without permission, and the city had their workmen arrested.

There were 51 other similar pumps in the city for the installation of which the city had given its permission, and feeling they were being discriminated against, they began this action against the city. As a result the city was temporarily enjoined, and under protection of that injunction Jenkins et al. installed their pumps. The case was later heard on its merits and the city perpetually enjoined from molesting Jenkins et al. in the maintenance of their pumps.

Their pumps are of the familiar type. They are about 12 feet high, about 18 inches in diameter at the base, they have glass reservoirs on top to contain the gas, and are topped off by an electric light contained in a globe on which there is an advertisement of the gas sold. They are situated on the sidewalk, the nearest part of them to the curb is about 6 inches therefrom, and they are connected with tanks buried beneath the sidewalk. There is no suggestion of any defective installation, the city's complaint being directed, not to the manner of their installation, but to their installation at all.

The owners of these pumps are exercising rather extraordinary privileges; they are engaging in private

business in the public streets and are using public property for their private purposes. What we say here is not to be confused with what we have said about the regulation of gasoline filling stations conducted on private property, often referred to as "drive-in," stations. These pumps installed by Jenkins et al. are within the street itself.

Previous to April 16, 1928, it appears the city had been quite liberal in giving its permission for the installation of pumps such as these, as will be seen from the 51 similar pumps that were then and are now in operation by its permission, but upon that date the city's board of public works adopted a resolution to grant no further permits.

That, says the city, is its reason for refusing the permit asked. The question is: Can the city, while allowing others similarly situated and on the same street to operate such stations or pumps, refuse to allow Jenkins et al. to install and operate these? The city contends it has not discriminated against Jenkins et al., but that it had to draw the line somewhere, these pumps were becoming so numerous as to become a public danger, and that the seeming discrimination against Jenkins et al. grows out of the fact they were the first ones to apply after the city authorities had decided not to issue further permits. No one questions the power of the city to control the situation; but can it control it in the way it did, the effect of which is to give to the other 51 pumps and their owners a monopoly? The city must deal fairly with its citizens; it cannot ordinarily make distinctions between different classes of its citizens, but not every classification is invalid. For example, classification based upon time or existing conditions have frequently been upheld. See cases in notes 90 to 95 and 97, page 1132, of '12 C. J. We feel the city was fully within its rights in refusing this permit, and therefore the judgment is reversed, with direction to dissolve the injunction and dismiss the petition.

The whole court sitting.

Judge LOGAN dissenting.